IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MAE ALSTON,** : | |
| : | |
| Plaintiff, : | |
| vs. : | **CIVIL NO. 06-3710** |
| : | |
| **VENTURE RESOURCE GROUP, INC., et al.,** : | |
| : | |
| Defendants. : | |

**RUFE, J.**                                                                                                   **November 29, 2007**

## MEMORANDUM OPINION AND ORDER

Before the Court is a Motion to Dismiss filed by H.E.M. arguing that this Court lacks federal jurisdiction over this action [Doc. No. 41]. H.E.M. maintains that the Court's supplemental jurisdiction under 28 U.S.C. § 1367 should no longer be exercised in the absence of the federal claim which originally supported jurisdiction herein. The issue before this Court is whether to exercise equitable discretion to retain jurisdiction over the pendent state law claims, or to dismiss the case.

**PROCEDURAL HISTORY**

Mae Alston filed this action on August 21st, 2006 against defendant Emigrant Mortgage Co., pursuant to the Truth in Lending Act, 15 U.S.C. § 1640(e), invoking this Court's federal question jurisdiction under 28 U.S.C. § 1331. Plaintiff also filed assorted state law claims against defendants Venture Resource Group, d/b/a/ H.E.M. Corp. ("H.E.M."), United Home Energy, Inc., and AA National Assurance, Inc. ("AA National"), based on this Court's pendant

jurisdiction pursuant to 28 U.S.C. § 1367.

Subsequently, H.E.M, AA National and Emigrant each filed cross-claims against one another [Doc. Nos. 8, 11, 14]. While United Home Energy Inc. failed to respond to the Complaint, no party has sought to dismiss this defendant from the action. The remaining four parties engaged in settlement conferences and conducted limited discovery.

The parties were able to reach a partial settlement, wherein Ms. Alston's claims were settled against Emigrant and AA National. Alston then assigned her remaining claims against H.E.M. to Emigrant for further prosecution. AA National remains a party to the litigation for the purpose of cross-claims against H.E.M. and Emigrant. Plaintiff's sole federal claim filed under the Truth and Lending Act ("TILA") against Emigrant has therefore been resolved by settlement. Since the remaining claims, both those assigned to Emigrant by the Plaintiff and the cross-claims, involve state claims only, the Court is compelled to re-examine its jurisdictional basis to proceed.

**DISCUSSION**

Pursuant to § 1367(c)(3), a district court may decline to exercise supplemental jurisdiction if the "court has dismissed all claims over which it has original jurisdiction." The statute thus leaves it to the Court's discretion whether it should maintain jurisdiction of the remaining pendent claims.

H.E.M. contends that judicial economy will not be offended by dismissing this case because no dispositive motions have been filed, no hearings or depositions have been conducted, and only limited documentary discovery has occurred. Because there would be little duplication of these pre-trial exchanges at the state court level, if any, H.E.M argues that the first factor

weighs in favor of dismissal.

Second, H.E.M. argues that the convenience of proceeding in state court in Philadelphia County would be logistically similar to proceeding in the federal district court. Both parties' main concern is with Ms. Alston's continued participation in trial, as she is an elderly woman. H.E.M. maintains that Ms. Alston and Emigrant have options for making continued litigation as convenient as possible by taking Ms. Alston's deposition rather than producing her to testify at trial, or in requesting a special trial listing. H.E.M. also argues that Ms. Alston has settled her claims, and thus her personal convenience should not be a controlling factor nor should she be considered a litigant for this Motion.[1]

Lastly, H.E.M. argues that continued federal jurisdiction would harm them, as it was not a claim against them which brought the case to federal court in the first place. H.E.M. reasons that Emigrant voluntarily settled the TILA claim with Ms. Alston, while H.E.M. was "haled into federal court to respond to state law claims." H.E.M. thus contends that the third factor also weighs in favor of dismissal, in the interest of fairness to the remaining parties.

Emigrant opposes dismissal, and asserts that judicial economy, convenience, fairness to the litigants, as well as considerations of comity, weigh in favor of continued litigation here. Emigrant argues that judicial economy would be impeded by dismissal, as this Court has had "extensive involvement" in this matter by way of settlement negotiations with U.S. Magistrate Judge Wells. Because the matter would require mandatory settlement conferences in the Court

---

[1] While the Response in Opposition to H.E.M.'s Motion was filed by Ms. Alston [Doc. No. 46], Emigrant joined in Plaintiff's Response [Doc. No. 47] adopting plaintiff's arguments. In addition, this Court takes note that Ms. Alston is no longer a party to this litigation, thus Ms. Alston's arguments in her Response in Opposition are cited as those of Emigrant.

of Common Pleas of Philadelphia County,[2] duplicate proceedings would weigh against dismissal. Conversely, if the case remains in federal court, Emigrant opines that the case will be resolved in a shorter period of time, because the case had been listed for the November, 2007 trial pool.

Emigrant also argues that Ms. Alston would be substantially inconvenienced by dismissal, noting that Ms. Alston is 80-years-old. Emigrant urges that she should not be made to spend her remaining days faced with continued litigation. Third, Emigrant asserts that it would be unfair to the litigants to dismiss this case. They contend that "[o]ne of the primary factors in the parties' settlement was that their involvement and the costs of litigation would be limited given the deadlines in this case."[3] Emigrant thus argues that if the case were dismissed and had to be re-filed in state court, the parties would then have to incur additional costs and fees.

Finally, Emigrant argues that comity does not favor dismissal, as this action does not involve novel issues of state law, to which the state court must apply its expertise. Thus, contends Emigrant, the principle from Gibbs, that "needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law" does not apply here.[4]

The test to determine whether a federal court should retain jurisdiction over state claims, as originally enunciated by the Supreme Court, considers three factors: 1) judicial economy; 2) convenience; and 3) fairness to the litigants.[5] The Gibbs Court stated that if these factors are not

---

[2] The Court has no independent information to either support or refute this claim.

[3] Def.'s Response, Doc. No. 46 at 4.

[4] United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966).

[5] Id. at 726.

present, "a federal court should hesitate to exercise jurisdiction over state claims."[6] The Court also stated that "[c]ertainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well."[7]

In addition, the Third Circuit does not encourage litigation in federal court in the absence of a federal cause of action. In Tully v. Mott Supermarkets, Inc,[8] the court stated that when a federal claim could be, or has been, dismissed . . . the court should ordinarily refrain from exercising supplemental jurisdiction in the absence of extraordinary circumstances."[9] Heeding this advice, and without a showing of extraordinary circumstances, this Court should be inclined to dismiss.

This Court finds that because there has been limited discovery and motions litigation, judicial economy weighs in favor of dismissal. With respect to convenience of the litigants, while the Court considers Ms. Alston's age, we also recognize that she is no longer an active participant in this matter, and there are sufficient alternative avenues by which the parties may obtain her remaining contributions. Emigrant has resolved its federal claim, AA National has taken no position in this Motion, and H.E.M. has never made a federal claim, thus it is fair to litigate the remaining state law claims in state court. Lastly, the Court finds that, in the absence of Emigrant's showing of "extraordinary circumstances" warranting retention of federal jurisdiction, comity also weighs in favor of dismissal.

For the reasons articulated above, this Court finds that the Gibbs factors weigh heavily in

---

[6] Id. (citing Erie R. Co. V. Tompkins, 304 U.S. 64, 78 (1938)).

[7] Id.

[8] Tully v. Mott Supermarkets, Inc., 540 F.2d 187, 196 (3d Cir. 1976).

[9] Id. at 196; see also Univ. of Md. v. Peat, Marwick, Main & Co., 996 F.2d 1534, 1540 (3d Cir. 1993).

favor of dismissal.  In addition, this issue is raised pre-trial, rendering the <u>Gibbs</u> factors less significant, thus there is no outstanding basis for this Court to maintain jurisdiction.

     An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MAE ALSTON, : | |
| : | |
| Plaintiff, : | |
| vs. : | CIVIL NO. 06-3710 |
| : | |
| VENTURE RESOURCE GROUP, INC., et al., : | |
| : | |
| Defendants. : | |

**AND NOW,** this 29th day of November, 2007, upon consideration of Defendant H.E.M.'s Motion to Dismiss for Lack of Jurisdiction [Doc. No. 41], Plaintiff's Response in Opposition [Doc. No. 46], and Defendant Emigrant's Joinder to the Response [Doc. No. 47], it is hereby

**ORDERED** that H.E.M's Motion is **GRANTED**.

It is further **ORDERED** that this case is **DISMISSED**.

The Clerk of Court is **ORDERED** to **CLOSE** this case.

BY THE COURT:
/s/ Cynthia M. Rufe

_____
**CYNTHIA M. RUFE, J.**